CHARLES G. JOHNSON *vs.* MARY I. AVERY *et al.*

Submitted on brief by appellant, argued by respondent, Dec. 13, 1893. Affirmed Dec.
28, 1893.

No. 8531.

A sale in partition, set aside. Order affirmed.

Upon the facts disclosed by the record in this case and recited in the
opinion, *held* not an abuse of its discretion on the part of the District Court
to refuse to confirm a sale of real property, and in ordering a resale there-
of upon a judgment in an action for partition.

Appeal by plaintiff, Charles G. Johnson, from an order of the
District Court of Ramsey County, *Charles E. Otis*, J., made July 12,
1893, refusing to confirm a sale in partition and ordering a resale.

Action under 1878 G. S. ch. 74, for the partition of a lot in St.
Paul, fifty feet front by one hundred feet deep, on Robert Street be-
tween Eleventh and Twelfth Streets. The plaintiff owned one fifth,
Wilson E. Robert owned a fifth, Mary I. Avery owned a fifth, Samuel
Norton, Maud Norton and Robert Norton together owned the re-
maining two fifths. John B. Trudeau held a mortgage for $1,588.52
on the fifth belonging to Mary I. Avery. He also held a mortgage for
$1,113 on the two fifths owned by the Nortons. All the owners and
Trudeau were made defendants. The Court found that the premises
were so situated that partition could not be made without great
prejudice to the owners and ordered that the lot be sold by the Sheriff
as referee and the proceeds brought into Court to be distributed ac-
cording to the rights of the parties, and directed that he report his
doings as such referee. By the referee's report, it appeared that, after
due notice, he sold the lot at public auction on June 16, 1893, at the
front door of the Court House in St. Paul to the plaintiff for $2,000.
The plaintiff moved for confirmation of the sale, but other parties
in interest opposed and asked that the lot be again advertized and
offered for sale. The Court ordered a resale and plaintiff appeals.

*Wm. G. White*, for appellant.

If lands are sold for an inadequate price, that of itself is not suffi-
cient cause to set aside the sale unless it is so grossly inadequate as

to establish fraud. *Comstock* v. *Purple*, 49 Ill. 158; *Duncan* v. *Sanders*, 50 Ill. 475; *Kloepping* v. *Stellmacher*, 21 N. J. Eq., 328; *Smith* v. *Duncan*, 16 N. J. Eq., 240; *Marlatt* v. *Warwick*, 18 N. J. Eq., 108; *Morrisse* v. *Inglis*, 46 N. J. Eq., 306; *Bethlehem Iron Co.* v. *Philadelphia & S. S. Ry. Co.*, 49 N. J. Eq., 356; *Warfield* v. *Ross*, 38 Md. 85; *Horsey* v. *Hough*, 38 Md. 130; *Williamson* v. *Dale*, 3 John. Ch. 290; *Tripp* v. *Cook*, 26 Wend. 143; *American Ins. Co.* v. *Oakley*, 9 Paige 258.

*Stephens, O'Brien & Glenn* and *Joseph T. Avery*, for respondents.

The matter of confirmation rests peculiarly upon the wise discretion of the Court, in view of all the surrounding facts and circumstances. This discretion is to be exercised in the interest of fairness, prudence and the rights of all concerned. It is difficult to state any absolute legal rule on the subject other than that of sound legal discretion. *Sowards* v. *Pritchett*, 37 Ill. 517.

Plaintiff concedes that the sale needed confirmation and was therefore a judicial sale, but the rule he contends for in regard to an inadequate price applies only to sales that are not judicial, as for instance: *Kloepping* v. *Stillmacher*, 21 N. J. 328; *Warfield* v. *Ross*, 38 Md. 85.

VANDERBURGH, J. This is an action for the partition of certain property described in the complaint, upon which it appears there are incumbrances aggregating in amount upwards of $2,700.

The pleadings admit the value of the property to be the sum of $8,000. The property, being found to be incapable of division, was ordered to be sold, and the proceeds brought into court, to be disposed of under its direction. The statute requires the proceeds to be applied, after paying the costs, to the satisfaction of the liens, and the balance to be divided among the owners of the property. In this case the property was bid off by the plaintiff for the sum of $2,000 only.

Under the circumstances, and especially in view of the fact, satis- factorily established to the court, that the exceptional financial stringency prevailing at the time, and which paralyzed real-estate sales, prevented a sale at a reasonable price, the court, in its discretion,

refused to confirm the sale, and ordered a resale. The statute con-
templates that the liens shall be extinguished if a sale is made, and
does not permit a sale to be ordered unless it is reasonably probable
that the property will sell for enough to pay off such liens and the
costs of sale.

The court judged that it would be inequitable to allow the sale
to stand, and we cannot say that there was any abuse of discretion
in refusing its confirmation.

Order affirmed.

(Opinion published 57 N. W. Rep. 217.)